IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JESSE A. FRANK, | ) | 8:17CV0298 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| U.S. GOVERNMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Jesse A. Frank, filed his Complaint (Filing No. 1) on August 14, 2017, and was granted leave to proceed in forma pauperis on August 15, 2017 (Filing No. 5). The court now conducts an initial review of Frank's Complaint and to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Frank claims the United States Government, Douglas County, the Department of Corrections, and Correct Care Solutions violated his constitutional rights, but no facts are provided. For his statement of claim, Frank merely says:

> Complaint 14th Amendment.
> Attempted Murder.
> (See Attached. [*sic*]).

(Filing No. 1 at CM/ECF p. 4). There is no attachment to the Complaint.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construing Frank's Complaint, he is suing Defendants under 42 U.S.C. § 1983. To state a claim under that section, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

As an initial matter, the court notes that the United States Government is not a proper defendant. In addition to § 1983's state action requirement, the United States is immune from suit for alleged constitutional violations; only federal officials are

subject to suit for constitutional violations under the rule announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996). Accordingly, the U.S. Government will be dismissed from this action.

The Douglas County Department of Corrections will also be dismissed from the action because it is not a legal entity. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) (the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names).

Douglas County may be a proper Defendant, but it may only be liable under section 1983 if a "policy" or "custom" of the county caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Because Frank has failed to allege any facts to nudge his claim across the line from conceivable to plausible, the Complaint is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2). However, on the court's own motion, Frank will be given 30 days in which to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants (excluding the United States Government and the Douglas County Department of Corrections, which will be dismissed from the action).

### IV. CONCLUSION

Frank's Complaint fails to state a claim upon which relief can be granted against any Defendant.

IT IS ORDERED:

1. All claims alleged against Defendants "U.S. Government" and "Department of Corrections" are dismissed without prejudice, and they shall no longer be parties to this action.

2. On the court's own motion, the court will give Plaintiff 30 days in which to file an Amended Complaint that states a claim on which relief may be granted against the remaining Defendants. Failure to file an Amended Complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

3. The clerk of the court is directed to set the following pro se case management deadline: September 27, 2017: check for amended complaint.

DATED this 28th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge