IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESSE A. FRANK, | ) | 8:17CV0298 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DOUGLAS COUNTY and | ) | |
| CORRECT CARE SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

On September 11, 2017, the court entered a Memorandum and Order giving Plaintiff, who has been granted leave to proceed in forma pauperis, "30 days in which to file an amended complaint that states a claim on which relief may be granted against Defendants Douglas County and Correct Care Solutions" (Filing No. 18).[1] Plaintiff's pro se Amended Complaint (Filing No. 21) was filed on October 11, 2017.[2] The court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I. SUMMARY OF AMENDED COMPLAINT**

Plaintiff asserts multiple claims pertaining to a 33-day period during which he was confined in the Douglas County jail as a pretrial detainee.[3] Plaintiff alleges he (1)

---

[1] In a Memorandum and Order entered on August 28, 2017 (Filing No. 8), the court found that Plaintiff's original Complaint failed to state a claim upon which relief could be granted against any Defendant. The U.S. Government and Douglas County Department of Corrections were dismissed from the action as not being subject to suit.

[2] Plaintiff also filed a Motion (Filing No. 22) requesting miscellaneous relief. This Motion will be denied without prejudice.

[3] Because Plaintiff was not a prisoner at the time suit was filed, the provisions of the Prison Litigation Reform Act, including the exhaustion-of-administrative-

was denied medical treatment; (2) was not read his *Miranda* rights; (3) was wrongly placed in administrative confinement and was mistreated; (4) was attacked by three officers; (5) was denied access to the courts; and (6) was denied access to a Bible and newspaper. Plaintiff seeks to recover $51 billion in damages. In addition to Douglas County and Correct Care Solutions, Plaintiff names five officers as Defendants: Estevez, Grahm, Rose, Parks, and Grothe.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than

---

remedies requirement, 42 U.S.C. § 1997e(a), do not apply. *See Doe By & Through Doe v. Washington Cty.*, 150 F.3d 920, 924 (8th Cir. 1998).

other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff indicates this action is brought pursuant to 42 U.S.C. § 1983, which provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Plaintiff claims to have been deprived of his rights under the First, Fifth, Sixth, and Fourteenth Amendments.[4]

#### *A. Claims Against Douglas County*

Plaintiff was advised in the court's August 28th Memorandum and Order that Douglas County may only be liable under section 1983 if a "policy" or "custom" of the county caused a violation of the plaintiff's constitutional rights. *Doe*, 150 F.3d at 922 (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The court also instructed Plaintiff what he needed to plead and prove in this regard.

Because Plaintiff has not included any factual allegations in the Amended Complaint to establish the existence of a policy or custom, Douglas County will be dismissed from the action. Any and all claims alleged against county officers in their official capacities will also be dismissed. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity."); *Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be

---

[4] In addition, Plaintiff claims a violation of Neb. Rev. Stat. § 47-705(2), which provides that "[a]ny person who denies medical services to any individual who is arrested, detained, taken into custody, or incarcerated, solely on the basis that the individual is without ... health insurance, ... shall be answerable in civil damages to the individual denied medical services." Plaintiff has alleged no facts to show that he was denied medical care solely because he was uninsured.

treated as a suit against the entity.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

### B. Claims Against Correct Care Solutions

Plaintiff was also advised in the court's August 28th Memorandum and Order that to state a claim under section 1983 he would need to allege that the deprivation of his rights was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). The Amended Complaint fails to show that the alleged lack of medical care was attributable to Correct Care Solutions or that it was acting under color of state law. Correct Care Solutions therefore will be dismissed from the action.

### C. Claims Against Officers

Plaintiff alleges that "on July 6th upon being falsely accused of my assault on an officer and failure to comply I had three ribs severly [*sic*] bruised or broken my T4 vertibre [*sic*] broken, three of my toes were broken by Officers Estives, Grothe, Grahm, and others that will be brought forward through video evidence. During this time I was handcuffed behind my back and also had ankle shackles. These officers carried me behind my back using extreme force dislocating my wrists. Through my attempts of screaming for help, my face was covered by a wet fabric and these officers attempted to end my life." (Filing No. 21 at CM/ECF p. 2, ¶ 4) These allegations are sufficient to state a plausible Fourth Amendment "excessive force" claim against Officers Estives, Grothe, and Grahm in their individual capacities. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.").

Remaining allegations of the Amended Complaint fail to show that any of these named Defendants engaged in the conduct that allegedly deprived Plaintiff of his constitutional rights. That is, Officers Estives, Grothe, and Grahm are not alleged to

have participated in denying Plaintiff's requests for prescribed medication (Filing No. 21 at CM/ECF p. 1, ¶ 1), in failing to give Plaintiff *Miranda* warnings (Filing No. 21 at CM/ECF p. 1, ¶ 2),[5] in causing Plaintiff to be placed in administrative confinement based on false allegations (Filing No. 21 at CM/ECF p. 1, ¶ 3),[6] in depriving Plaintiff of food, clothing, or shower facilities (Filing No. 21 at CM/ECF p. 2, ¶ 3), in denying Plaintiff's requests for medical treatment (Filing No. 21 at CM/ECF p. 2, ¶¶ 5, 6), in denying Plaintiff paper and writing supplies (Filing No. 21 at CM/ECF p. 2, ¶ 7), or in denying Plaintiff access to a Bible (Filing No. 21 at CM/ECF p. 2, ¶ 8).

Plaintiff does allege that "[a]t one point I was aloud [*sic*] an hour of 'recreation time' I saw a Free on the Inside Bible, took it to my cell and Officers Parks and Rose remove[d] said Bible from cell" (Filing No. 21 at CM/ECF p. 2, ¶ 8). Plaintiff further alleges that "[d]uring this time officer [P]arks also removed a copy of the Omaha World Herald Newspaper from my cell" (Filing No. 21 at CM/ECF p. 2, ¶ 9). It is conceivable that these seizures may have violated Plaintiff's First Amendment rights. *See Kendrick v. Pope*, 671 F.3d 686 (8th Cir. 2012) (per curiam) (genuine issue of material fact as to whether corrections officer confiscated inmate's Catholic Bible, rosary beads, and other religious materials during a cell shakedown, and subsequently failed to return those items, precluded summary judgment in inmate's § 1983 action against the officer); *Cooper v. Schriro*, 189 F.3d 781 (8th Cir. 1999) (prison official's alleged denial of "all magazines" and legal and religious materials to prisoner was restriction on First Amendment rights valid only if reasonably related to legitimate

---

[5] In any event, "[t]he reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment itself, ... the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989) (en banc); *Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006) (same).

[6] This claim also fails in general. *See Webb v. Hedrick*, 409 F. App'x 33, 35 n. 1 (8th Cir. 2010) ("The prohibition against cruel and unusual punishment is focused on the conditions of the administrative segregation, not on the reasons for placement there.").

penological interests). Whether the allegations made against Officers Parks and Rose are sufficient to satisfy the "plausibility" pleading standard of *Twombly* is debatable, but this question does not need to be answered because their alleged seizures of the Bible and newspaper from Plaintiff's cell are unrelated to the Fourth Amendment "excessive force" claim that is alleged against the other officers.

While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "in actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18." *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons ... may be joined in one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2016). That situation does not exist in this case.

"Misjoinder of parties is not a ground for dismissing an action," but the court on its own may "drop a party" or "sever any claim against a party" in order to eliminate the misjoinder. Fed. R. Civ. P. 21. Officers Parks and Rose therefore will be dismissed from the action.

### IV. CONCLUSION

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Douglas County and Correct Care Solutions, but a plausible Fourth Amendment "excessive force" claim is alleged against Officers Estives, Grothe, and

Grahm in their individual capacities. First Amendment claims alleged against Officers Parks and Rose cannot be joined with the Fourth Amendment claim.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for miscellaneous relief (Filing No. 22) is denied without prejudice.

2. Defendant Douglas County is dismissed from the action without prejudice.

3. Defendant Correct Care Solutions is dismissed from the action without prejudice.

4. Officers Parks and Rose, in their official and individual capacities, are dismissed from the action without prejudice.

5. Officers Estives, Grothe, and Grahm, in their official capacities only, are dismissed from the action without prejudice.

6. The clerk of the court will modify the docket sheet to list Officers Officers Estives, Grothe, and Grahm, in their individual capacities, as the only Defendants of record.

7. The only claim alleged in Plaintiff's Amended Complaint (Filing No. 21) that will be allowed to proceed is a Fourth Amendment "excessive force" claim alleged against Officers Estives, Grothe, and Grahm, in their individual capacities. All other claims are dismissed without prejudice.

8. For service of process on Defendants Estives, Grothe, and Grahm, in their individual capacities, the clerk of the court is directed to complete

a summons form and a USM-285 form for each Defendant using the address "Douglas County Correctional Center, 710 South 17th Street, Omaha, NE 68102," and forward them together with a copy of the Amended Complaint (Filing No. 21) and a copy of this Memorandum and Order to the Marshals Service. The Marshals Service shall serve Defendants personally in their individual capacities at the **Douglas County Correctional Center, 710 South 17th Street, Omaha, NE 68102**.[7] Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

9. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

10. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

[7] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

11. The clerk of the court is directed to set the following pro se case management deadline: January 29, 2018—Check for completion of service of process.

DATED this 30th day of October, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge